IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JUSTIN LEE WILLIAMS,

    Plaintiff,

v.    CASE NO. 1:18-cv-230-MW-GRJ

SHERIFF SADIE DARNELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is ECF No. 32, Defendant Alachua County Sheriff Sadie Darnell's Motion to Dismiss Plaintiff's Civil Rights Complaint. Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action when he was an inmate in the Alachua County Jail. ECF No. 1. His First Amended Complaint, the live pleading in this case, alleges that the jail's policies restricting incoming mail violate his rights under the First and Fourteenth Amendments. ECF No. 17 at 4-7.

Specifically, Plaintiff challenges the jail's policy restricting non-legal mail to the format of a metered postcard. *Id.* at 5-6. He further challenges the jail's policy and custom of rejecting newspapers, paperback books, magazines, and other periodicals. *Id.* at 6. He further complains that the jail

1

does not provide an appeal process for challenging rejected or censored mail. *Id.*

Plaintiff asserts these claims against Alachua County Sheriff Sadie Darnell in her official capacity and, as relief, seeks a permanent injunction enjoining Defendant from enforcing the jail's mail policies, declaratory relief, and compensatory relief in the amount of $100 per day of his incarceration. *Id.* at 7.

On January 3, 2019, the Court ordered service of the First Amended Complaint upon Defendant. ECF No. 19. On February 8, 2019, Plaintiff sent a Notice of Change of Address to the Court informing the Court of his transfer to the Northwest Correctional Complex in Tiptonville, Tennessee. ECF No. 33.

On February 13, 2019, Defendant moved to dismiss Plaintiff's Complaint on the following grounds: 1) Plaintiff's First Amendment claim based on post-card only mail fails to state a claim for which relief may be granted because post-card only mail policies are reasonably related to legitimate penological interests; 2) Plaintiff's First Amendment claim based on the alleged policy and custom fails to state a claim for which relief can be granted because Plaintiff fails to specifically identify the wording of the challenged policy; and 3) Plaintiff's transfer out of the Alachua County Jail

to another facility renders his claims for injunctive and declaratory relief moot. ECF No. 32.

The record reflects that the defendant mailed a copy of the Motion to Dismiss to Plaintiff at the Northwest Correctional Complex on February 25, 2019. ECF No. 34. The Clerk also mailed a copy of the Motion to Dismiss, among other orders, to Plaintiff at the Northwest Correctional Complex on March 4, 2019.

When Plaintiff did not respond to the Motion to Dismiss in the time allotted, the Court entered an order on April 12, 2019, requiring Plaintiff to respond to the Motion or the Court will treat it as unopposed. ECF No. 35. In the order, the Court also informed Plaintiff that no claims for relief other than nominal damages are available to him. *Id.* at 3.

Regarding his claim for compensatory damages, the Court advised Plaintiff that the Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007), abrogated on other grounds by *Sossamon v. Texas*, 563 U.S. 277 (2011). Plaintiff does not allege that he suffered any physical injury as a result of

Defendant's alleged actions. Therefore, he may not obtain an award of compensatory damages from Defendant in this case.

Regarding his claim for declaratory and injunctive relief, the Court advised Plaintiff that "[t]he general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith*, 502 F.3d at 1267 (citations omitted); *see also McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1365 (11th Cir. 1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief but not a claim for monetary damages). Because Plaintiff is no longer confined at the Alachua County Jail, his claim for declaratory and injunctive relief is moot.

The Court construed the complaint liberally to request nominal damages, which are not precluded under the PLRA in the absence of physical injury. ECF No. 35 at 3; *see Smith*, 502 F.3d at 1271. The Court ordered Plaintiff to respond to the Motion to Dismiss or otherwise show cause in writing on or before May 13, 2019, as to why his claim for compensatory damages should not be dismissed as barred by the PLRA, and as to why his claim for declaratory/injunctive relief should not be dismissed as moot because he is no longer confined at the Alachua County Jail. *Id.* at 4.

The Court further instructed Plaintiff to notify the Court as to whether he intends to proceed with this case seeking only nominal damages (typically $1.00). *Id.* at 4-5. The Court admonished Plaintiff that failure to comply by the May 13 deadline will result in a recommendation to the district court that this case be dismissed. *Id.* at 5.

Plaintiff neither responded to Defendant's Motion to Dismiss nor responded to the Court's show-cause order. Because Plaintiff's claim for compensatory damages is barred under the PLRA, his claims for declaratory and injunctive relief are moot, and because he has failed to indicate his intent to proceed on a claim for nominal damages only, Plaintiff's First Amended Complaint is due to be dismissed.

It is therefore respectfully **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 32, should be **GRANTED**, and Plaintiff's First Amended Complaint, ECF No.17, should be **DISMISSED**.

**IN CHAMBERS** this 22nd day of May 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

5

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**